# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

FRANCISCO J. MENÉNDEZ,

      Plaintiff,

         v.                           CIVIL NO.: 18-1962 (MEL)

COMMISSIONER OF SOCIAL SECURITY, et al.

      Defendants.

## OPINION AND ORDER

      Mr. Francisco J. Menéndez ("Plaintiff") filed a complaint against the Social Security Administration ("the SSA") and the Commissioner of Social Security ("the Commissioner") on December 14, 2018. ECF No. 1. Plaintiff alleges that the Commissioner wrongfully redetermined his disability benefits in violation of his Fifth Amendment rights. ECF No. 1, at 26-28. It is further alleged by Plaintiff that the ALJ's decision is not supported by substantial evidence. Id. at 2, 53. Plaintiff claims that the court has subject matter jurisdiction pursuant to federal question jurisdiction under Title 28, United States Code, Section 1331; mandamus jurisdiction pursuant to Title 28, United States Code, Section 1361; and jurisdiction under Title 42, United States Code, Section 405(g) of the Social Security Act. ECF No. 1, at 3. The Commissioner contends that the court lacks federal question jurisdiction and mandamus jurisdiction and moves to dismiss those claims of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). ECF No. 30, at 8-9.

      The Commissioner concedes that the court has subject matter jurisdiction over Plaintiff's request for judicial review under Section 405(g) but moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure

12(b)(6) ("Rule 12(b)(6)"). Id. at 10. On May 30, 2019, Plaintiff filed a response in opposition. ECF No. 31.

## I.      Factual Allegations in the Complaint

Plaintiff stopped working on June 30, 2009 and applied for disability insurance benefits on October 2, 2009. ECF No. 1, at 6, ¶ 19. The Commissioner initially approved disability benefits on January 29, 2010. Id. at 6, ¶ 21. After an extensive fraud investigation conducted by the Federal Bureau of Investigations ("FBI") and the SSA's Office of Inspector General ("OIG"), Plaintiff was notified on November 5, 2013 that his benefits were terminated. Id. at 6-7, ¶¶ 23, 24. The Commissioner also sent a notice to Plaintiff billing him for an overpayment of $50,922 in benefits. Id. at 7, ¶ 24. Plaintiff learned that his benefits were terminated because his application contained medical evidence from treating neurologist Dr. José Hernández González ("Dr. Hernández") who pled guilty to participating in a conspiracy to make false statements to the SSA. Id. at 19, ¶ 84.

On December 11, 2013, Plaintiff requested the reconsideration of the revised determination; the revised determination was affirmed. Id. at 7, ¶¶ 29, 30. On July 14, 2014, Plaintiff requested a hearing before an ALJ. Id. at 7, ¶ 31. Prior to receiving a hearing, Plaintiff filed a complaint in the U.S. District Court for the District of Puerto Rico challenging the Commissioner's redetermination of his benefits. Id. at 22, ¶ 106; see Justiniano v. Soc. Sec. Admin., Civ. No. 15-02593, 2016 WL 4146103 (D.P.R. Aug. 3, 2016). The First Circuit affirmed the District Court's dismissal of the complaint for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedies. ECF No. 1, at 22, ¶ 106; see Justiniano v. Soc. Sec. Admin., 876 F.3d 14 (1st Cir. 2017).

On March 28, 2017, a hearing was held before an administrative law judge ("the ALJ"). Id. at 7, ¶ 32. Plaintiff was only permitted to submit medical evidence of a disability and he was not allowed to submit evidence contesting the presence of fraud in his application. Id. at 23, ¶ 112. Plaintiff "objected to the redetermination, objected to the finding that fraud in other cases implied fraud in his case, and objected to the absence of evidence of fraud in his specific case." Id. at 25, ¶ 119. Plaintiff "received an unfavorable ALJ decision on June 29, 2018." Id. at 24, ¶ 118. In the decision, the ALJ held that "a claimant may not appeal the statutory mandate to redetermine the claim or disregard evidence involving fraud or similar fault." Id. at 25, ¶ 120. Plaintiff appealed to the Appeals Council which denied his request for review on November 17, 2018. Id. at 8, ¶ 35. Plaintiff filed the instant complaint on December 14, 2018. See ECF No. 1.

## II.      Motion to Dismiss Standards Under Rule 12(b)(1) and Rule 12(b)(6)

Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. Fed R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Droz-Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217, 217 (D.P.R. 2003) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). To determine if the burden has been met, the court "take[s] as true all well-pleaded facts in the plaintiffs' complaints, scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor." Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). The court, however, is not bound by the allegations in the pleadings and is permitted to consider materials outside the pleadings to determine jurisdiction on a Rule 12(b)(1) motion. See González v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

A defendant may also move under Rule 12(b)(6) to dismiss plaintiff's action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3.  In order to survive a motion to dismiss, Plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.' Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Twombly, 550 U.S. at 555, 570). Although Twombly was decided in the antitrust

context, the Supreme Court has held that the standard expounded in that decision applies to "all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Northeast Erectors Ass'n of BTEA v. Sec'y of Labor, 62 F.3d 37, 39 (1st Cir. 1995).

III.   **Legal Analysis**

   **A. Argument for Dismissal Based on Rule 12(b)(1)**

As stated earlier, the complaint alleges three claims of subject matter jurisdiction: federal question jurisdiction under Title 28, United States Code, Section 1331; mandamus jurisdiction pursuant to Title 28, United States Code, Section 1361; and jurisdiction under Title 42, United States Code, Section 405(g) of the Social Security Act ("Section 405(g)"). ECF No. 1, at 3. The Commissioner moves to dismiss Plaintiff's claims of federal question jurisdiction and mandamus jurisdiction under Rule 12(b)(1). ECF No. 30, at 7-9. The Commissioner is not requesting the dismissal of Plaintiff's claims of jurisdiction pursuant to Section 405(g) under Rule 12(b)(1).

It is contended by the Commissioner that the court does not have federal question jurisdiction over Plaintiff's claims because they arise under the Social Security Act ("the Act"), and thus, they may only be brought pursuant to Section 405(g). Id. The Commissioner's argument is compelling. Federal question jurisdiction is specifically precluded by Title 42, United States Code, Section 405(h) for claims arising under the Act. See 42 U.S.C. § 405(h) ("[n]o action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 ... of Title 28 to recover on any claim arising under this subchapter."); Weinberger v. Salfi, 422 U.S. 749, 756-62 (1975). A claim arises under the Act where "an individual seeks a monetary benefit from the agency . . . the agency denies the benefit,

and the individual challenges the lawfulness of that denial." See Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000). The First Circuit held in a case challenging the Commissioner's redetermination process that

> plaintiffs' claims that the agency unlawfully terminated their benefits without adequate notice of the evidence of fraud or an opportunity to challenge that evidence are . . . predicated on the plaintiffs' potential future entitlement to those benefits. For that reason, the plaintiffs' claims here . . . "arise under" the Act because the Act provides "the standing and the substantive basis" for the claims they bring in their suit."

Justiniano v. Soc. Sec. Admin., 876 F.3d 14, 22 (1st Cir. 2017) (citing Shalala, 529 U.S. at 12)). The First Circuit further explained that the mere fact "that the plaintiffs have a constitutional basis for their claims does not change the fact that those claims 'arise under' the Act." Id. at 22.

In the case at bar, Plaintiff's claims arise under the Act because they are predicated on his potential future entitlement to disability benefits. See Justiniano, 876 F.3d at 22. Therefore, Plaintiff's sole avenue for judicial review is pursuant to Section 405(g) which provides for judicial review of any final decision of the Commissioner in the district court of the judicial district in which the plaintiff resides after a hearing. See 42 U.S.C. § 405(g); Doe v. Sec'y of Health and Human Servs., 744 F.2d 3, 4 (1st Cir. 1984). The final decision requirement of Section 405(g) is satisfied here because Plaintiff exhausted his administrative remedies. See Wilson v. Sec'y of Health and Human Servs., 671 F.2d 673, 677 (1st Cir. 1982). Thus, the court has subject matter jurisdiction over Plaintiff's claims pursuant to Section 405(g), and federal question jurisdiction is not present in this case. See id.

The court also lacks mandamus jurisdiction. A district court has original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; see Maldonado-Guzman v. Comm'r of Soc. Sec., 182 F. Supp. 2d 216, 218-19 (D.P.R. 2002). "Mandamus may

6

properly issue when three elements are present: (1) a clear right in the plaintiff to the relief

sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the act in

question; and (3) no other adequate remedy available." <u>Cervoni v. Sec. of Health, Ed. and</u>

<u>Welfare</u>, 581 F.2d 1010, 1019 (1st Cir. 1978) (citations omitted). "The remedy of mandamus is a

drastic one, to be invoked only in extraordinary situations." <u>In re Recticel Foam Corp.</u>, 859 F.2d

1000, 1005 (1st Cir. 1988) (quoting <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 34

(1980)). In the case at bar, Plaintiff has an adequate remedy in Section 405(g) to challenge the

Commissioner's redetermination of his benefits. <u>See</u> <u>Heckler v. Ringer</u>, 466 U.S. 602, 616-17

(1984).[1] Consequently, mandamus jurisdiction is not available.

**B. Arguments for Dismissal Based on Rule 12(b)(6)**

The Commissioner concedes that the court has subject matter jurisdiction under Section

405(g), but it moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a

claim upon which relief can be granted. <u>See</u> ECF No. 30, at 12, 23.

**1. Plaintiff's Procedural Due Process Claim**

Plaintiff alleges that his due process rights were violated because he was not provided the

opportunity to contest the existence of fraud in his case. ECF No. 1, at 26; ECF No. 31, at 5.

Thus, Plaintiff raises a Fifth Amendment procedural due process claim. The Supreme Court set

out a three-part balancing test in <u>Mathews v. Eldridge</u> the courts must use to evaluate procedural

due process claims. 424 U.S. 319, 335 (1976). A court must weigh three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk
> of an erroneous deprivation of such interest through the procedures used, and the
> probable value, if any, of additional or substitute procedural safeguards; and finally,
> the Government's interest, including the function involved and the fiscal and

---

[1] "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty . . . Here respondents clearly have an adequate remedy in § 405(g) for challenging all aspects of the Secretary's denial of their claims."

administrative burdens that the additional or substitute procedural requirement would entail.

Id. In the case at hand, Plaintiff has set forth sufficient factual allegations respecting each material element to raise a plausible procedural due process claim.

First, the Supreme Court has held that the continued receipt of disability benefits is a statutorily created property interest and may not be terminated without due process of law. Id. at 332. In the case at bar, Plaintiff has a property interest in the continued receipt of disability benefits because his benefits were initially approved on January 29, 2010. ECF No. 1, at 6, ¶ 21. However, the Commissioner terminated his benefits on November 5, 2013 and instituted overpayment demands compelling him to repay past benefits of $50,922.00. Id. at 7, ¶ 24. The Commissioner's argument that Plaintiff's interest is tempered because he could file a new application for disability benefits is ineffective because filing a new application for disability benefits is not an accessible mitigation method because beneficiaries must restart the entire process. ECF No. 30, at 13. Transcripts may be in the thousands of pages, claimants fill out detailed forms, and applicants must track down and turn over a plethora of medical records. See Picon-González v. Comm'r of Soc. Sec., Civ. No. 18-1016, 2019 WL 4187701, at *14 (D.P.R. Sept. 4, 2019). The erroneous termination of benefits may cause significant hardship, and thus, Plaintiff has pled adequate facts to show that he has a substantial interest in continued receipt of disability benefits.

As to the second factor, Plaintiff has articulated facts showing a plausible risk of erroneous deprivation through the current redetermination process. "Procedural due process in the social security context requires no more than an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Gilbert v. Sullivan, Civ. No. 93-2309, 1995 WL 91120, at *1 n.3 (1st Cir. 1995) (quoting Mathews, 424 U.S. at 333). Here, while Plaintiff was provided with

a hearing, he was not permitted to submit additional evidence to contest the finding of fraud. Furthermore, Plaintiff was denied the opportunity to challenge the redetermination of his claim or the disregarding of evidence involving fraud in his application.

The Commissioner argues that Plaintiff was provided with a full evidentiary hearing before an impartial ALJ, "the gold standard in the administrative process." ECF No. 30, at 15. In this case, the hearing is not a robust safeguard because "the hearing is restricted to the accuracy of the admissible medical records and the SSA's conclusions." Rivera-Cepeda v. Comm'r of Soc. Sec., Civ. No. 18-1092, 2019 WL 4201573, at *10 (D.P.R. Sept. 5, 2019). There may be a risk of erroneous deprivation because beneficiaries do not receive notice of the factual determinations detailing the reason to believe fraud or similar fault was involved in their application, and so they cannot challenge the type of evidence disregarded. See Alicea-González v. Comm'r of Soc. Sec., Civ. No. 18-2222, 2019 WL 4233925, at *11-12 (D.P.R. Sept. 6, 2019). "When a party is improperly handicapped in disputing a preliminary issue, the overall outcome is also tainted." Hicks v. Comm'r of Soc. Sec., 909 F.3d 786, 798 (6th Cir. 2018). Thus, Plaintiff has pled plausible facts to suggest that he was not provided with a meaningful opportunity to present his case, and thus, denied effective process for asserting his claim.

As to the final Mathews factor, the government's interest, the Commissioner advances arguments about fiscal and administrative burdens. ECF No. 30, at 16-17. The Commissioner contends that if it was required to make a specific finding of fraud in all the cases affected by Dr. Hernández it would be compelled to conduct mini evidentiary trials and "make specific findings of fraud in each of the 7,000 cases the New York FPU reviewed." Id. In its response, Plaintiff contends that "[t]o force law enforcement entities to make findings of fact and to present evidence that supports their findings is to force law enforcement entities to do their job."

ECF No. 31, at 6. The Commissioner's claim is unpersuasive because it is unclear "why an ALJ would be unable to review OIG evidence in addition to the complex and lengthy records they already endure." <u>Rivera-Cepeda</u>, 2019 WL 4201573, at *11. Taking all of Plaintiff's well-pleaded facts as true, the court finds that Plaintiff has raised a plausible procedural due process claim. Accordingly, the Commissioner's motion to dismiss Plaintiff's Fifth Amendment procedural due process claim is DENIED.

### 2. Plaintiff's Claim that the ALJ's Opinion is Not Supported by Substantial Evidence

In its motion to dismiss, the Commissioner also claims that the only allegations brought properly before the court under Section 405(g) are that (1) the ALJ issued a decision on June 29, 2018, (2) Plaintiff filed an appeal with the Appeals Council on August 23, 2018, and (3) the Appeals Council denied the request for review on November 17, 2018. ECF No. 30, at 11. The Commissioner contends that "[n]othing in Plaintiff's complaint serve[s] to support an actionable claim under Section 405(g)." <u>Id</u>. Thus, the Commissioner argues that the court should dismiss Plaintiff's claims arising from these allegations for failure to state a claim upon which relief can be granted. <u>Id</u>. at 12.

The Commissioner's argument is unavailing. Under Section 405(g), a district court's jurisdiction is "limited to review of 'any final decision of the Secretary made after a hearing ....'" <u>Doe v. Sec'y of Health and Human Sers.</u>, 744 F.2d 3, 4 (1st Cir. 1984) (citing 42 U.S.C. §§ 405(g) and (h)). A "final decision" within the meaning of Section 405(g) results after a plaintiff has exhausted his administrative remedies. <u>Wilson v. Sec'y of Health and Human Servs.</u>, 671 F.2d 673, 677 (1st Cir. 1982) (citing <u>Mathews v. Eldridge</u>, 424 U.S. 319, 328 (1976)). In the case at hand, a final decision inured because Plaintiff exhausted his administrative remedies by participating in a hearing before an ALJ and appealing the unfavorable decision to

the Appeals Council. The Commissioner's motion to dismiss ignores Plaintiff's further allegations in his complaint that the ALJ's decision is not supported by substantial evidence because the ALJ applied the wrong standard of proof in evaluating the medical evidence. ECF No. 1, at 2, 53. Plaintiff has pled adequate facts, and thus, the Commissioner's Rule 12(b)(6) motion to dismiss Plaintiff's claims challenging that the ALJ's opinion is not supported by substantial evidence is DENIED.

## IV.     Conclusion

For the foregoing reasons, the Commissioner's motion to dismiss the complaint (ECF No. 30) is DENIED. The Commissioner is correct that the court lacks subject matter jurisdiction pursuant to Sections 1331 and 1361 of Title 28 of the United States Code. The court, however, has subject matter jurisdiction over Plaintiff's claims pursuant to Section 405(g) of Title 42 of the United States Code. The Commissioner's request to dismiss the complaint for failure to state a claim is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of August, 2020.

s/Marcos E. López
U.S. Magistrate Judge