## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

FRANCISCO J. MENÉNDEZ,

      Plaintiff,

         v.                           CIVIL NO.: 18-1962 (MEL)

COMMISSIONER OF SOCIAL SECURITY,
et al.

      Defendants.

## OPINION AND ORDER

Mr. Francisco J. Menéndez ("Plaintiff") filed a complaint against the Social Security Administration ("the SSA" or "the agency") and the Commissioner of Social Security ("the Commissioner") on December 14, 2018. ECF No. 1. On May 21, 2019, the Commissioner filed a motion to dismiss the complaint. ECF No. 30. The motion to dismiss was denied on August 27, 2020. ECF No. 59. On September 8, 2020, the Commissioner filed an answer to the complaint and a digital copy of the administrative record. ECF Nos. 62, 63. Pending before the court is the Commissioner's motion to remand pursuant to sentence four of Title 42, United States Code, Section 405(g). ECF No. 47. Plaintiff responded in opposition on June 15, 2020. ECF No. 50. The Commissioner subsequently filed a reply on August 13, 2020. ECF No. 58.

## I.    Factual Background

On October 2, 2009, Plaintiff filed an application for Social Security benefits alleging that on June 30, 2009 ("the onset date"), he became unable to work due to disability. Tr. 18, 240.[1] Prior to the onset date, Plaintiff worked as a baker helper and chemical processing laborer.

---

[1] "Tr." refers to the transcript of the record of proceedings.

Tr. 27. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. Tr. 22. On January 29, 2010, Plaintiff was found disabled since June 30, 2009. Tr. 18.

After an extensive fraud investigation conducted by the United States Department of Justice and the SSA's Office of the Inspector General ("OIG"), the SSA notified Plaintiff, on November 25, 2013, that his benefits were terminated following a redetermination of his entitlement to them. Tr. 18, 262. In the redetermination review, the Commissioner disregarded evidence submitted by treating neurologist Dr. José R. Hernández González ("Dr. Hernández") who had been criminally charged. Tr. 18, 262-63. Plaintiff appealed but the termination was affirmed on June 23, 2014. Tr. 18, 274-77. The Commissioner sent a notice to Plaintiff informing that he had an overpayment of $50,992 consisting of benefits that he had received since they were awarded. Tr. 274-277.

On September 22, 2014, the SSA received Plaintiff's request for a hearing before an ALJ. Tr. 18, 283. Prior to receiving a hearing, Plaintiff filed a complaint on October 21, 2015 in the U.S. District Court for the District of Puerto Rico challenging the Commissioner's redetermination of his benefits. ECF No. 1, at 22, ¶ 106; see Justiniano v. Soc. Sec. Admin., Civ. No. 15-02593, 2016 WL 4146103 (D.P.R. Aug. 3, 2016). The First Circuit affirmed the District Court's dismissal of the complaint for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedies. ECF No. 1, at 22, ¶ 106; see Justiniano v. Soc. Sec. Admin., 876 F.3d 14 (1st Cir. 2017).

Thereafter, a hearing was held on March 28, 2017 before Administrative Law Judge Mary Ann Poulose, ("the ALJ"). Tr. 18, 35-55. The ALJ did not consider evidence submitted by Dr. Hernández. Tr. 22, 645-661. On June 29, 2018, the ALJ issued a written decision finding that Plaintiff was not disabled. Tr. 28. The Appeals Council denied Plaintiff's request for review,

rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. Tr. 1-3. Plaintiff filed the instant complaint on December 14, 2018. See ECF No. 1.

## II.    Legal Analysis

Rather than appealing an initial disability determination, Plaintiff appeals a redetermination decision. Under Section 405(u), the Commissioner "shall immediately redetermine the entitlement of individuals to monthly insurance benefits . . . if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits." 42 U.S.C. § 405(u)(1)(A). During a redetermination review, the Commissioner "shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence." Id. at § 405(u)(1)(B). The Commissioner must disregard evidence based on an OIG referral, a referral based on information obtained during a criminal or other law enforcement investigation, and a SSA investigation that results in a finding of fraud or similar fault. See HALLEX I-1-3-25.C.4.a. Additionally,

> adjudicators do not have discretion to reconsider the issue of whether the identified evidence should be disregarded when based on an OIG referral of information or a referral based on information obtained during a criminal or other law enforcement investigation. However, when the redetermination is based solely on an SSA finding of fraud or similar fault, an adjudicator can consider a beneficiary's or recipient's objection to the disregarding of certain evidence.

Id. If the SSA "conducted the redetermination based on its own finding of fraud or similar fault, the beneficiary or recipient may not challenge the statutory mandate to conduct the redetermination, but may appeal whether SSA should have disregarded evidence." See HALLEX I-1-3-25.C.6.

The Commissioner concedes that evidence in Plaintiff's case was disregarded without a referral from the OIG or a federal or state prosecutor, yet Plaintiff was not offered the opportunity to rebut the exclusion of evidence at his hearing before the ALJ. ECF No. 47, at 2-3.

Thus, the Commissioner requests that the court issue an order reversing the Commissioner's final decision and remanding this case for further proceedings consistent with the agency's process for conducting agency-initiated redeterminations under HALLEX I-1-3-25. ECF No. 47, at 1, 4. The Commissioner further asks the court to specify in its order that: (1) the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g); (2) monthly benefits are reinstated effective June 29, 2018, the date of the ALJ's decision in Plaintiff's case, and will continue until the Commissioner issues a new final decision; and (3) direct the agency to suspend any overpayment collection process until it has been determined through a hearing that Plaintiff is not entitled to disability benefits. ECF No. 47, at 4.

Plaintiff opposes the Commissioner's motion to remand on several grounds. First, Plaintiff argues that the procedural requirements for a remand under the fourth sentence of Section 405(g) are not met because the Commissioner has not filed his pleadings or the administrative transcript. ECF No. 50, at 2-4. Pursuant to the fourth sentence of Section 405(g), the court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Plaintiff's argument is moot because the Commissioner has filed an answer and the administrative transcript. See ECF Nos. 62, 63.

It is also alleged by Plaintiff that remand would be inappropriate because the Commissioner "requests a remand without a judgment," in contravention of the requirements of Section 405(g). ECF No. 50, at 2-4. Plaintiff's argument does not hold water. In its motion for remand and its reply, the Commissioner specifically requests the court to enter judgment. ECF No. 47, at 4; ECF No. 58, at 9. An order remanding the case under the fourth sentence of Section

405(g) would be accompanied by a judgment, and thus, Plaintiff's procedural arguments are without merit.

Next, Plaintiff argues that the court should deny the Commissioner's motion for remand at this time so that it can instead issue a final judgment that addresses all the issues raised in his complaint. ECF No. 50, at 4-11. The Commissioner, on the other hand, contends that the "vacating of the previous redetermination decision, which is subject of this appeal, renders moot all of Plaintiff's challenges to the decision and the attendant redetermination process that will no longer be in use on remand." ECF No. 58, at 7. The Commissioner further argues that "a remand for new procedures represents the only relief to which Plaintiff would be entitled, even if he prevailed on all of his allegations." Id.

To remand under sentence four of Section 405(g), the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Santiago-Aybar v. Comm'r of Soc. Sec., 545 F. Supp. 2d 231, 234 (D.P.R. 2008); Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). In the case at hand, evidence in Plaintiff's case was disregarded without a referral from the OIG or from a federal or state prosecutor. Plaintiff, however, was not offered "the opportunity to challenge the application of fraud and similar fault to [his] case and the consequent disregard of entire medical reports." See Picon-González v. Comm'r of Soc. Sec., Civ. No. 18-1016, 2019 WL 4187701, at *14 (D.P.R. Sept. 4, 2019); Alicea-González v. Comm'r of Soc. Sec., Civ. No. 18-122, 2019 WL 4233925, at *13 (D.P.R. Sept. 6, 2019). Therefore, the Commissioner's decision is VACATED and the Commissioner's motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) is GRANTED.

While the Commissioner may be correct that some of Plaintiff's challenges may indeed become moot upon remand, it is plausible that not all of his arguments would become moot. The court, however, will not consider this litigation on a piecemeal basis as Plaintiff should have been provided the opportunity to appeal the SSA's disregarding of evidence which serves as a sufficient basis for remand. See Picon-González, 2019 WL 4187701, at *14 ("Because the plaintiff was denied the opportunity to show why his medical reports were not tainted by fraud, this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this ruling."); Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); Madrid v. Barnhart, 447 F.3d 788, 792 (10th Cir. 2006) (where the ALJ's error affected the analysis as a whole, the court declined to address other issues raised on appeal); Vaenkham v. Berryhill, Civ. No. 16-1756, 2018 WL 1478375, at *6 (E.D. Cal. Mar. 27, 2018) ("Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument that the ALJ erred in formulating her physical RFC."); Sandoval v. Colvin, Civ. No. 14-1852, 2015 WL 4245824, at *4 (D. Colo. July 14, 2015) ("[b]ecause the Court vacates and remands based on the ALJ's failure to adequately weigh the aforementioned medical opinions, the Court need not address the other arguments raised by Plaintiff."). If necessary, Plaintiff can identify any remaining issues following the issuance of a new redetermination decision and raise them on appeal of that new decision. See Coffman v. Barnhart, Civ. No. 2-4103, 2003 WL 21089080, at *1 (D. Kan. Apr. 22, 2003).

Lastly, Plaintiff argues that he is entitled to the reinstatement of all benefits from the date that benefits were terminated on November 25, 2013. ECF No. 50, at 9-10; Tr. 262. The Commissioner, on the other hand, contends that Plaintiff is only entitled to the reinstatement of

benefits from the date of the Commissioner's final decision on June 29, 2018. ECF No. 58, at 8; Tr. 28. The Commissioner argues that Section 405(u) mandates that "[i]f after redetermining pursuant to this subsection the entitlement of an individual to monthly insurance benefits, the Commissioner of Social Security determines that there is insufficient evidence to support such entitlement, the Commissioner of Social Security may terminate such entitlement and may treat benefits paid on the basis of such insufficient evidence as overpayments." 42 U.S.C. § 405(u)(3). Thus, the Commissioner claims that the SSA properly issued its redetermination notice on November 25, 2013 in accordance with Section 405(u) and that Plaintiff has not shown why full reinstatement of benefits is warranted in the absence of a final redetermination decision finding Plaintiff is disabled. ECF No. 58, at 8.

In the case at hand, the Commissioner's error arose when it denied Plaintiff the opportunity to rebut the exclusion of evidence at the hearing before the ALJ. Therefore, benefits should be reinstated retroactive to the date of the ALJ's decision on June 29, 2018. The reinstatement of benefits retroactive to the date of the ALJ's decision is not a relief without precedent. See Rodríguez-Díaz v. Comm'r of Soc. Sec., Civ. No. 18-1266 (MEL) (ECF No. 20); Medina v. Comm'r of Soc. Sec., 18-1385 (MEL) (ECF No. 40); Feliciano v. Comm'r of Soc. Sec., 18-1992 (BJM) (ECF No. 30).

**III.  Conclusion**

For the foregoing reasons, the Commissioner's motion to remand pursuant to sentence four of 42 U.S.C. §405(g), (ECF No. 47), is GRANTED. The Commissioner's decision is REVERSED and the agency's decision to terminate Plaintiff Francisco J. Menéndez's benefits is VACATED. This case is remanded to the agency pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with the agency's process for conducting agency-initiated

redeterminations under HALLEX I-1-3-25 and to provide for the reinstatement of benefits from June 29, 2018, the date of the ALJ's decision in Plaintiff's case, (subject to the agency's rules on eligibility for payment) until the Commissioner issues a new final decision. The agency shall suspend any pending overpayment collection process unless it has been determined through a hearing that Plaintiff is not entitled to disability benefits. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of October, 2020.

s/Marcos E. López
U.S. Magistrate Judge